UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY A. HILL,

        Plaintiff,

  v.                                                              Case No. 07-C-1038

KENNETH MORGAN et al.,

        Defendant.

**ORDER**

Plaintiff Hill, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at the Milwaukee House of Corrections.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's

trust account for the six-month period immediately preceding the filing of the complaint.[1]

In this case, plaintiff filed a petition to proceed *in forma pauperis* and an appropriate affidavit. Although he has not yet filed a certified copy of his institutional account statement, the court received a letter from him on December 4, 2007, indicating that his failure to do so is due to circumstances beyond his control. The court will, therefore, proceed to screen his complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007) (citing 5 Wright & Miller § 1216, at 233-234); *see also Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.*, 289 F. Supp. 2d 986, 995 (N.D. Ill. 2003) (Posner, J., sitting by designation) ("Some threshold of plausibility must be crossed at the outset . . . ."). In reviewing a complaint

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

2

under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Hill's complaint names eight defendants: Warden Kenneth Morgan, register Jim Plaint, and Security Director Chris Eller of Racine Correctional Institution, Sheriff David A. Clarke, Jr. and a John Doe Security Director of Milwaukee County Jail, Warden Steven Beck and a John Doe Security Director of Kettle Moraine Correctional Institution, Warden Phillip Kingston of Waupun Correctional Institution, and William L. Lazar, identified by Hill as register for the State of Wisconsin. It raises several unrelated claims, arising from separate incidents which allegedly took place at four different correctional facilities. Hill claims that while awaiting re-sentencing he was held in custody without bail at Milwaukee County Jail and Kettle Moraine Correctional Institution. He also claims that following his violation of a policy regarding disruptive conduct while he was incarcerated at Racine Correctional Institution, his placement in segregation was too lengthy and resulted in a loss of "good time," causing his mandatory release date to be pushed back. He also alleges that there he was "made to smell death of another inmate," causing him to fear for his own safety. Hill further claims that after being transferred to Waupun Correctional Institution he was allowed two bags of ice daily because of his asthma attacks, but was told by another inmate not to

3

consume the ice on one occasion because a correctional officer had poured bleach into it.

"Unrelated claims against different defendants belong in different suits . . . ." *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). In *George*, the Seventh Circuit underscored the applicability of Fed. R. Civ. P. 20's rules on joinder to inmate complaints under § 1983. Rule 20 requires that multiple parties may be named as defendants only when their actions arise out of the same conduct as the other party or parties.[2] Here, Hill is improperly trying to bring unrelated claims against different defendants in one case. The claims he raises are not part of the same transaction or series of transactions, nor do they present a question of fact or law common to all defendants. Consequently, his complaint will be dismissed with leave to amend. An amended complaint must include only related claims in compliance with the Federal Rules of Civil Procedure.

**THEREFORE IT IS ORDERED** that the complaint is **DISMISSED** without prejudice; plaintiff may file an amended complaint in this action within thirty days.

Dated this   22nd   day of January, 2008.

                s/ William C. Griesbach
                William C. Griesbach
                United States District Judge

---

[2] Fed. R. Civ. P. 20(a) provides:
> Persons may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

4