# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TIMOTHY A. HILL,

    Plaintiff,

v.                                              Case No. 07-C-1038

MILWAUKEE COUNTY JAIL, et al.,

    Defendants.

## ORDER

On November 26, 2007, Plaintiff, Timothy A. Hill, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. He also filed a motion to proceed *in forma pauperis*. On January 22, 2008 the court proceeded to screen his complaint pursuant to 28 U.S.C. § 1915A(a), noting that although Hill had not yet filed a certified copy of his institutional account statement, his failure to do so was due to circumstances beyond his control. Upon screening, the court concluded that the complaint contained unrelated claims against different defendants, contrary to Fed. R. Civ. P. 20. Therefore, the court dismissed the complaint without prejudice, and granted Hill leave to file an amended complaint within thirty days. He has now done so. In addition, the court has received a certified copy of his institutional account statement. Therefore, Hill's motion to proceed *in forma pauperis* will be granted, and the court will proceed to screen his amended complaint. Also pending before the court are Hill's motions to appoint counsel, and for leave to file a late claim.

The court must dismiss a complaint or portion thereof if a prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007) (citing 5 Wright & Miller § 1216, at 233-234); *see also Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.*, 289 F. Supp. 2d 986, 995 (N.D. Ill. 2003) (Posner, J., sitting by designation) ("Some threshold of plausibility must be crossed at the outset . . . ."). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Hill's amended complaint, like his first, discursively asserts multiple claims against different defendants, which do not arise from the same series of transactions or present a common question of fact or law. However, it appears his primary complaint is that from February through May 2000, he was held in custody while awaiting re-sentencing. Thus, I will proceed to screen this claim. All other claims will be dismissed without prejudice.

I first note that it appears Hill's complaint appears to be untimely. Actions under § 1983 are governed by analogous state statutes of limitations and tolling doctrines. *Wallace v. City of Chicago,* 440 F.3d 421, 424 (7th Cir. 2006); *Gonzalez v. Entress*, 133 F.3d 551, 554 (7th Cir. 1998). Under Wisconsin law, the statute of limitations for a § 1983 claim is six years. *See Gray v. Lacke*, 885 F.2d 399, 407-09 (7th Cir. 1989). Here, more than six years have passed between the incidents alleged and the date on which Hill filed his complaint. In an attempt to remedy this defect, Hill has filed a "motion for permission to file a late claim," claiming that his delay is excusable because he is a lay person without legal training, was taking "a major dosage of psychotropic medications," and was afraid for his safety in the custody of the Department of Corrections. Due to these circumstances, Hill contends that the statute of limitations should be tolled in this case.

The claim is barred by the applicable statute of limitations is an affirmative defense that a defendant can waive if he or she does not properly assert it. It does not affect the jurisdiction of the court and it would thus be premature for me to decide whether it does or does not apply at this stage of the proceeding. I will therefore consider the claim on its merits.

Hill's claim that his constitutional rights were violated when he was kept in custody at the Milwaukee County Jail and then Kettle Moraine Correctional Institution after his sentence was vacated in February 2000 until his resentencing in May 2000 does not state a claim. The fact that

3

his sentence was vacated did not affect his underlying conviction. Having been convicted of a crime, Hill no longer enjoyed a presumption of innocense and thus could lawfully be kept in custody until his resentencing several months later. Indeed, the Wisconsin Circuit Court Access website shows that Hill was charged with felony retail theft and fleeing an officer, both as a habitual offender, and operating a motor vehicle after revocation of his license (second offense) in a complaint filed on January 1, 1999, and bail was set at $10,000. *See State v. Hill*, Milwaukee County Case No. 1999CF000273. Hill waived his preliminary hearing, plead no contest and on May 14, 1999, was sentenced to eight years on the theft, four years on the fleeing and thirty days on the operating after revocation. The District Attorney apparently moved to vacate Hill's sentences in February of 2000, on the ground that the sentencing court had relied upon erroneous information. (Am. Complt. at 5.) On May 10, 2000, he was resentenced to six years on the theft, six years on the fleeing and six months on the operating after revocation. Thus, it appears that even before his conviction, Hill was deemed a significant flight risk such that bail was deemed necessary to insure his appearance. The order vacating his sentence apparently had no effect on the state court's evaluation. In any event, given his convictions, the decision to retain him in custody did not violate any right guaranteed by the United States Constitution.

Although Hill also alleges that as a result of his confinement, his physical and emotional health deteriorated, he fails to allege any act, or the failure to act, by any named defendant that could give rise to a claim under the Eighth Amendment. It is not enough to allege "bad things happened." A prisoner suing jail or prison officials must allege the specific actions or inactions he claims deprived him of his rights, and identify the individual or individuals whose actions or inactions he claims caused such deprivation. Hill's amended complaint fails to do either. Therefore, I conclude

4

that Hill has failed to state a claim upon which relief can be granted, and his claim must be dismissed.

**IT IS THEREFORE ORDERED** that the plaintiff's petition to proceed *in forma pauperis* is granted.

**IT IS FURTHER ORDERED** that the plaintiff's claim alleging that he was denied bail in violation of his constitutional rights is dismissed with prejudice. All other claims are dismissed without prejudice.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to file a late claim is denied as moot.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel is denied as moot.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. The clerk of court shall document that this inmate has brought an action that was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be

granted. The clerk of court shall also document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated this   26th   day of February, 2008.

                                                        s/ William C. Griesbach
                                                      William C. Griesbach
                                                     United States District Judge